IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEROISE J. WASHINGTON, | ) | 8:17CV6 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| MARK FOXHALL, Director, | ) | |
| MARY EARLY, Captain, and | ) | |
| ESCH, Medical Doctor, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff filed his Complaint (Filing No. 1) on January 6, 2017, and was subsequently granted leave to proceed in forma pauperis (Filing No. 7). A Supplement to the Complaint (Filing No. 9) was filed on January 26, 2017. The court now conducts an initial review of Plaintiff's Complaint and Supplement to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff is confined at the Douglas County Corrections Center. He claims Defendants have denied him due process by failing to provide adequate treatment for various medical conditions, including psoriatic and osteo arthritis, a femoral head collapse which requires total hip replacement surgery, bulging and ruptured discs which also require surgery, and sciatic nerve compression.

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a

governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION OF CLAIM

Plaintiff does not specify whether he sues Defendants in their individual or official capacities. Where a plaintiff does not specify the capacity in which a defendant is sued, it is presumed that a defendant is sued in his official capacity only. *See, e.g., Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (stating that "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). In addition, a claim against an individual, in her official capacity, is in reality a claim against the entity that employs the official. *See Parrish v. Luckie*, 963 F.2d 201, 203 n. 1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. . . . A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity. . . . Therefore, the appellants in this case will collectively be referred to as the City.") (quotations omitted). *Accord Eagle v. Morgan*, 88 F.3d 620, 629 n.5 (8th Cir. 1996) ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Therefore, Plaintiff's claims against Defendants in their official capacities are actually asserted against Douglas County, Nebraska.[1]

As a municipal defendant, Douglas County may only be liable under section 1983 if its "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish

---

[1]Sovereign immunity is not an issue in this case because only states and arms of the state possess sovereign immunity from suits authorized by federal law. *Northern Ins. Co. of New York v. Chatham County, Ga.*, 547 U.S. 189, 193 (2006). The Supreme Court has repeatedly refused to extend sovereign immunity to counties. *Id.*

governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental "custom," a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Plaintiff's Complaint does not "contain 'allegations, reference, or language by which one could begin to draw an inference that the conduct complained of . . . resulted from an unconstitutional policy or custom of the [defendant].'" *Parsons v. McCann*, 138 F. Supp. 3d 1086, 1099 (D. Neb. 2015) (quoting *Doe ex rel. Doe v. School Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)). Because of these omissions, Plaintiff has failed to allege a cognizable claim against Defendants in their official capacities—that is, Plaintiff has failed to allege facts suggesting that a Douglas County "policy" or "custom" caused a violation of Plaintiff's constitutional rights to medical care under the Eighth or Fourteenth Amendments. However, because I will grant Plaintiff leave to file an Amended Complaint, I will discuss the law applicable to Plaintiff's claim.

A convicted prisoner's conditions of confinement are subject to scrutiny under the Eighth Amendment, while a pretrial detainee's challenge to such conditions is analyzed under the Fourteenth Amendment's due process clause. "This makes little

difference as a practical matter, though: Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment." *Davis v. Oregon County*, 607 F.3d 543, 548 (8th Cir. 2010) (internal quotation and citation omitted).

"To prevail on an Eighth Amendment claim for deprivation of medical care, an inmate must show that the prison official was deliberately indifferent to the inmate's serious medical needs. This requires a two-part showing that (1) the inmate suffered from an objectively serious medical need, and (2) the prison official knew of the need yet deliberately disregarded it." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Id.* (internal quotation and citation omitted).

"Deliberate indifference is equivalent to criminal-law recklessness, which is more blameworthy than negligence, yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate. An obvious risk of harm justifies an inference that a prison official subjectively disregarded a substantial risk of serious harm to the inmate. Deliberate indifference must be measured by the official's knowledge at the time in question, not by hindsight's perfect vision." *Id.* at 914-15 (internal quotations and citations omitted).

### IV. CONCLUSION

Plaintiff's Complaint and Supplement fail to state a claim upon which relief can be granted against any Defendant. On the court's own motion, however, Plaintiff will be given 30 days in which to file an Amended Complaint to state an actionable claim against Defendants. Plaintiff should clearly indicate whether each Defendant is sued in his or her individual or official capacity, or both. Plaintiff will not be required to re-file any of the attachments to his Complaint and Supplement, but the Amended

Complaint should otherwise be a "stand-alone" or superseding pleading instead of a supplemental pleading.

Accordingly,

IT IS ORDERED:

1. On the court's own motion, the court will give Plaintiff 30 days in which to file an Amended Complaint that states a claim on which relief may be granted against Defendants. Failure to file an Amended Complaint within 30 days will result in the court dismissing this case without further notice to Plaintiff; and

2. The clerk of the court is directed to set the following pro se case management deadline: March 23, 2017: check for amended complaint.

DATED this 22nd day of February, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge