IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEROISE J. WASHINGTON, | ) | 8:17CV6 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| MARK FOXHALL, Director, | ) | |
| MARY EARLY, Captain, | ) | |
| ESCH, Medical Doctor, | ) | |
| HUBBARD, Captain, and | ) | |
| ALLEN BAGBY, Health | ) | |
| Administrator, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On February 22, 2017, the court entered a Memorandum and Order (Filing No. 12) on initial review of Plaintiff's Complaint (Filing No. 1) and Supplement to the Complaint (Filing No. 9). The court noted that Plaintiff, who is confined at the Douglas County Corrections Center (DCCC), claimed that Defendants Foxhall, Early, and Esch[1] denied him due process by not providing him with adequate treatment for various medical conditions, including psoriatic and osteo arthritis, a femoral head collapse which requires total hip replacement surgery, bulging and ruptured discs which also require surgery, and sciatic nerve compression. The court construed the Complaint as alleging this claim against Defendants only in their official capacities —that is to say, against Douglas County— and determined that the Complaint and Supplement failed to state a claim upon which relief can be granted because there were no allegations to suggest the existence of an unconstitutional policy or custom.

---

[1] The Complaint identified Mark Foxhall as the Director of DCCC, Esch (no first name provided) as a "Medical Doctor of Douglas County Corrections" or "medical provider for DCCC," and Mary Early as a "Captain of Douglas County Corrections." (Filing No. 1, at CM/ECF p. 6.)

The court on its own motion then granted Plaintiff leave to amend, and described the essential elements of a constitutional claim for deprivation of medical care under the Eighth Amendment or Fourteenth Amendment, depending upon Plaintiff's confinement status. Plaintiff was advised that he would not be required to re-file any attachments to the Complaint or Supplement, but that the Amended Complaint should otherwise stand on its own as a superseding pleading.

On March 8, 2017, Plaintiff filed an Amended Complaint (Filing No. 15) which adds two Defendants, Hubbard and Bagby.[2] The court now conducts an initial review of the Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I.  SUMMARY OF AMENDED COMPLAINT

Plaintiff states that Defendants Foxhall, Esch, and Bagby are sued in both their individual and official capacities, while Defendants Early and Hubbard are sued only in their official capacities. Plaintiff alleges in pertinent part:

> It is the policy of this institution to have a member of the medical staff to interview inmates upon intake to determine the need(s) of the inmate and to make the appropriate recommendations to Esch or to summon outside emergency help. The medical department failed to perform its routine obligation to Plaintiff upon reception. [Plaintiff] informed the medical department via Inmate Request Forms (attached with original Complaint and Supplements) of his mental and physical ailments; a full list of prescribed medications by medical specialists; and signed release forms to gain information from said specialists and pharmacy. A letter written by my primary care physician outlining my

---

[2] On February 23, 2017, Plaintiff filed a motion (Filing No. 13) to add Bagby as a defendant. That motion identifies Allen Bagby as the Health Administrator of DCCC. The Amended Complaint merely identifies Hubbard (no first name provided) as a Captain. (Filing No. 15 at CM/ECF p. 2.)

needs based on reports and treatments by specialists was faxed by my public defender to D.C.C.C. and its medical department. In spite of the clear and specific diagnosis and treatments of multiple surgeons and specialists, Esch has done the following:

1. Refused to administer drugs and treatments outlined by specialists with far superior knowledge and intimate experience with all that gives Plaintiff a quality of life that equals all others.

2. Prescribed over-the-counter (OTC) drugs (Aspirin, Tylenol, Ibuprofen, Naproxen) that are exponentially inferior to any drug commonly and widely used by the medical community to treat my level of pain and mobility issues. On 9 February 2017, Medical Assistant Christie interviewed [Plaintiff] for the request to be given medication stronger than Tylenol for new and degenerating issues. Christie prescribed two days worth of Tylenol (650 mg twice daily) until seen by Dr. Esch.

3. On 10 February 2017, the day after my interview with Christie, Esch called me in to review vitals and lungs. Esch NEVER addressed the new and dibilitating [*sic*] medical issue addressed to Esch on the 2nd and 9th of February.[3]

4. Dr. Esch has the authority to follow the treatment plan of Plaintiff's medical specialists, and yet, refuses. Esch is aware of the Nebraska Administrative Codes Title 81, Chapter 10, 002.07 and 002.10.[4] Esch has the authority to contact judicial authority to effect [Plaintiff's] release based solely on medical issues. Dr. Esch's below the average

---

[3] Plaintiff has not filed any supporting documentation regarding the alleged events in February 2017.

[4] The cited regulations were adopted by the Nebraska Jail Standards Board. They provide: "Any inmate known to be seriously ill or injured shall be examined by a medical authority, delivered to an emergency center, or the proper judicial authority shall be forthwith requested to release the inmate." 81 Neb. Admin. Code Ch. 10, § 002.07. "An inmate may retain his own physician or dentist concerning his medical services." 81 Neb. Admin. Code Ch. 10, § 002.10.

-3-

standard of treatment, and refusal to follow medical standards for jails in Nebraska is discriminative, malicious, derelict and has caused further deteriation [*sic*] to the plaintiff's mental and physical health. . . .

Allen Bagby, Health Administrator, has policy-making authority and is Esch's supervisor. Bagby works closely with Esch, has access to <u>all</u> of my information, requests and grievances; and is fully aware of the Nebraska Administrative Codes mentioned above. Bagby supports Esch; denies that plaintiff has a legal right to retain his own physician concerning his medical services (see 81-10,002.10). . . .

Mark Foxhall, Director, has the policy-making authority and is the most senior authority at D.C.C.C. All department heads must report to Foxhall especially challenges to security and/or policies. Foxhall has access to <u>all</u> of my information, requests and grievances; and is fully aware of the Nebraska Administrative Codes as well as the federal and state statutes, regulations and codes. . . . By and through Captains Early and Hubbard, Foxhall is deliberately indifferent and is purposely allowing [Plaintiff's] health to deteriate [*sic*].

(Filing No. 15 at CM/ECF pp. 2-6 (emphasis in original).)

## II.  LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A.  The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be

dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III.  DISCUSSION OF CLAIMS

A convicted prisoner's conditions of confinement are subject to scrutiny under the Eighth Amendment, while a pretrial detainee's challenge to such conditions is analyzed under the Fourteenth Amendment's due process clause. Plaintiff still has not indicated his confinement status.[5] "This makes little difference as a practical matter, though: Pretrial detainees are entitled to the same protection under the Fourteenth

---

[5] However, a grievance attached to the Complaint (Filing No. 1 at CM/ECF p. 24) suggests that Plaintiff was a pretrial detainee as of November 30, 2016.

Amendment as imprisoned convicts receive under the Eighth Amendment." *Davis v. Oregon County*, 607 F.3d 543, 548 (8th Cir. 2010) (internal quotation and citation omitted).

"To prevail on an Eighth Amendment claim for deprivation of medical care, an inmate must show that the prison official was deliberately indifferent to the inmate's serious medical needs. This requires a two-part showing that (1) the inmate suffered from an objectively serious medical need, and (2) the prison official knew of the need yet deliberately disregarded it." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Id.* (internal quotation and citation omitted).

"Deliberate indifference is equivalent to criminal-law recklessness, which is more blameworthy than negligence, yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate. An obvious risk of harm justifies an inference that a prison official subjectively disregarded a substantial risk of serious harm to the inmate. Deliberate indifference must be measured by the official's knowledge at the time in question, not by hindsight's perfect vision." *Id.* at 914-15 (internal quotations and citations omitted).

## A. Claim Against Dr. Esch

Dr. Esch is not alleged to be a county employee, but a medical provider who is under contract with Douglas County to treat inmates at DCCC can still act under color of state law for purposes of 42 U.S.C. § 1983. *See Wilson v. Douglas Cty.*, No. 8:03CV70, 2006 WL 18907, at *1 (D. Neb. Jan. 4, 2006), and 2005 WL 3019486, at *1 n. 1 (D. Neb. Nov. 10, 2005); *see also Cotton v. Douglas Cty. Dep't of Corr.*, No. 8:16CV153, 2016 WL 5816993, at *1 (D. Neb. Oct. 5, 2016).

Plaintiff alleges that Dr. Esch refused to administer drugs and treatments outlined by his specialists, and instead prescribed over-the-counter pain relievers. "[T]he knowing failure to administer prescribed medicine can itself constitute deliberate indifference." *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 796 (8th Cir. 2006). "When an official denies a person treatment that has been ordered or medication that has been prescribed, constitutional liability may follow." *Dadd v. Anoka Cty.*, 827 F.3d 749, 757 (8th Cir. 2016) (right to adequate medical treatment was clearly established when pretrial detainee arrived at jail after dental surgery with Vicodin prescription for severe pain and deputies and jail nurse acted with deliberate indifference by ignoring detainee's complaints of pain and requests for treatment). *See also Foulks v. Cole Cty., Mo.*, 991 F.2d 454, 455-57 (8th Cir. 1993) (holding there was liability where jail officials disregarded an instruction sheet from the plaintiff's doctor, ignored complaints of sickness and pain, and refused to provide medication they were aware was prescribed); *Majors v. Baldwin*, 456 Fed.Appx. 616, 617, 2012 WL 739347 (8th Cir. 2012) (unpublished) (holding that plaintiff had established a deliberate indifference claim where defendants withheld prescribed pain medication and did not provide adequate post-operative treatment); *Motton v. Lancaster Cty. Corr.*, No. 4:07CV3090, 2008 WL 2859061, at *6 (D. Neb. July 21, 2008) (noting that the knowing failure to administer prescribed medicine can constitute deliberate indifference, but to establish constitutional violation, inmate must produce evidence that delay in providing medical treatment had detrimental effect on inmate).[6]

---

[6]*See also Gil v. Reed*, 381 F.3d 649, at 663-64 (7th Cir. 2004) (prison doctor's failure to follow directions of outside specialist raises inference of deliberate indifference); *Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir. 2002) (prison doctor and nurse's refusal to dispense narcotic pain reliever prescribed by outside surgeon following inmate's surgery "would give rise to liability under section 1983"; validity of medical personnel's explanation for refusal to give prescribed medicine to inmate was "an issue for the jury"); *Medrano v. Smith*, No. 05-1092, 161 Fed.Appx. 596, 2006 WL 27711 (7th Cir. Jan. 6, 2006) (prison doctors' failure to exercise any medical judgment by investigating, diagnosing, or treating inmate's increasing pain when doctors knew of prisoner's prior surgeries, in addition to stopping prescriptions authorized by other physicians without explanation, stated claim against them).

On the other hand, allegations suggesting that Esch acted negligently or refused to follow Plaintiff's requested course of treatment are insufficient to support an Eighth or Fourteenth Amendment claim for deliberate indifference to Plaintiff's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that mere negligence or medical malpractice are insufficient to rise to a constitutional violation); *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (stating that "an inmate's mere disagreement with the course of his medical treatment fails to state a claim of deliberate indifference"). Defendants do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment. *Vaughn v. Gray*, 557 F.3d 904, 908-09 (8th Cir. 2009).

Liberally construing the pleadings, Plaintiff has stated a plausible claim for relief against Esch in her individual capacity based on her alleged refusal to provide treatment for known medical conditions. While Plaintiff claims Esch is a policymaker, there are not facts to support this claim. Nor has it been alleged that Esch was following an unconstitutional policy or practice of the County. The official-capacity claim brought against Esch therefore will be dismissed.

## B. Claims Against Captains Early and Hubbard

The Amended Complaint contains no allegations of any wrongdoing by Captains Early and Hubbard. While Plaintiff claims that Director Foxhall is liable "by and through" the Captains' actions, those actions are nowhere described in the Amended Complaint.

A review of the attachments to the original Complaint reveals that Captain Mary Earley[7] responded to a "step two" grievance appeal Plaintiff submitted on or about December 15, 2016, complaining that he was not receiving necessary

---

[7] The court assumes Mary Earley is Defendant Early.

medications.[8] Captain Earley issued a final order the same day, finding that the allegation was "rendered moot" because Plaintiff had been prescribed Tylenol and scheduled for an appointment with the medical provider. She explained:

> The medical provider is the sole decision maker regarding treatment and care plans for individuals housed here. The reason you are here has nothing to do with the level of care you are provided. Each time you have written a request to medical they have responded appropriately and/or you have been seen. Medical requested your off-site medical records and have reviewed them. Medical verified your off-site medications and reviewed them. Medical decisions are deferred to the medical provider and your medical record show you have appropriate access to medical service and you are being provided appropriate care. You were seen on 11/29/16 as medical stated you would in response to your Step One Grievance. You were prescribed medication for 7 days. You also were instructed to write an additional request for Tylenol if needed. If you continue to have concerns or have new symptoms please write a request to medical to be seen for chronic pain therapy. Medical staff will work with you to develop a plan for your care.

(Filing No. 1 at CM/ECF p. 26.)

"When reviewing grievances about medical treatment, administrators are permitted to rely on the judgment of medical personnel." *Blankenship v. Obaisi,* 443 Fed.Appx. 205, 209, (7th Cir.2011) (unpublished opinion). *See also Heard v. Sheahan,* 148 Fed.Appx. 539, 540–41 (7th Cir.2005) (unpublished opinion) ("jail

---

[8] Plaintiff's "step one" grievance was submitted on or about November 17, 2016. In it he stated: "I am a disabled U.S. Army veteran who is NOT getting medical attention for Level 10+ pain due to sciatica; hernia; bulging, protruding & ruptured discs in back; osteo & psoriatic arthritis; and a collapsed femoral ball in left hip. I need narcotics & muscle relaxers. I was under the care of specialist." (Filing No. 1 at CM/ECF p. 22 (emphasis in original).) Defendant Bagby responded on November 22, 2016, that: "I have reviewed your medical record. You have been assessed and given Tylenol. I will schedule you for an appt. with the provider." (*Id.*)

administrators like the defendants are generally entitled to rely on the judgment of medical professionals ... because the question of whether or when a particular treatment is warranted is a classic example of a matter for medical judgment.") (internal quotation and citation omitted).

Early is not alleged to have any medical expertise, nor are there any facts alleged to show she, as a layperson, should have known that the medical treatment Plaintiff was receiving was inadequate. "A prison official may rely on a medical professional's opinion if such reliance is reasonable ." *McRaven v. Sanders*, 577 F.3d 974, 981 (8th Cir. 2009); *see also Holden v. Hirner,* 663 F.3d 336, 343 (8th Cir. 2011) ("Prison officials lacking medical expertise are entitled to rely on the opinions of medical staff ....").

Plaintiff's allegations fail to show that Captains Early and Hubbard were deliberately indifferent to his medical needs. Plaintiff also admits that "[n]either captain can make policies concerning medical [treatment] ...." (Filing No. 15 at CM/ECF p. 2.) Accordingly, these Defendants will be dismissed from the action in both their individual and official capacities.

### C. Claims Against Director Foxhall and Health Administrator Bagby

The Amended Complaint likewise fails to state a claim against Foxhall and Bagby, neither of whom are alleged to have any medical expertise or to have any reason for questioning the medical reports of Dr. Esch. "A prison's medical treatment director who lacks medical expertise cannot be liable for the medical staff's diagnostic decisions." *Meloy v. Bachmeier,* 302 F.3d 845, 849 (8th Cir. 2002). "[I]t is not deliberate indifference when an official relies on the recommendations of a trained professional." *Drake ex rel. Cotton v. Koss,* 445 F.3d 1038, 1042 (8th Cir. 2006).

Essentially, Plaintiff is claiming that these Defendants have liability because Bagby supervises the DCCC medical department and Foxhall supervises Bagby.

-10-

However, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) (quoting *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010)). The Amended Complaint contains no facts indicating that Foxhall and Bagby engaged in any misconduct.

Attachments to the pleadings do not show any direct involvement by Foxhall, and only show that Bagby responded to Plaintiff's complaints on three occasions. First, on November 22, 2016, Bagby responded to Plaintiff's step-one grievance by stating that Plaintiff would be scheduled for an appointment with the medical provider. (Filing No. 1 at CM/ECF p. 22.) Second, on December 12, 2016, after Plaintiff wrote a kite to Esch complaining that she had failed to respond to an earlier kite in which he had requested medications and other relief (Filing No. 1 at CM/ECF p. 18), Bagby wrote: "Please do not submit kites to an individual provider." (Filing No. 1 at CM/ECF p. 19.) Third, and finally, on January 16, 2017, Bagby responded to another of Plaintiff's kites requesting medication by stating: "I have scheduled you for nurse sick call to evaluate you pain complaints." (Filing No. 1 at CM/ECF p. 9.) These responses to Plaintiff's complaints by Bagby do not rise to the level of deliberate indifference.

Plaintiff also alleges that Foxhall and Bagby are both policymakers, but the Amended Complaint fails to show that they adopted any unconstitutional policies.[9] In fact, it is alleged that DCCC's policies regarding medical evaluations of inmates on intake were not followed in Plaintiff's case. Accordingly, these Defendants will be dismissed from the action in both their individual and official capacities.

---

[9] To establish the existence of a policy, Plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Jenkins v. Cty. of Hennepin*, 557 F.3d 628, 633 (8th Cir. 2009) (quoting *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir.1999)). For Plaintiff to prevail on his Eighth or Fourteenth Amendment claim, he must also show that the policy was unconstitutional and that it was "the moving force" behind the harm that he suffered. *See id.*

# IV. CONCLUSION

IT IS ORDERED that:

1.      This matter may proceed to service of process as to Plaintiff's Eighth or Fourteenth Amendment claim against Defendant Esch in her individual capacity only. Claims against Defendant Esch in her official capacity, and against Defendants Foxhall, Early, Hubbard, and Bagby in their individual and official capacities, are dismissed without prejudice.

2.      The clerk of the court is directed to obtain the last-known address for Defendant Esch from the United States Marshals Service for service of process on Defendant Esch in her individual capacity.[10]  Once such address is obtained, the clerk of the court is directed to complete a summons form and a USM-285 form for Defendant Esch using the address provided by the Marshals Service and forward them together with a copy of the Amended Complaint and a copy of this Memorandum and Order to the Marshals Service for service of process on Defendant Esch in her individual capacity. **The Marshals Service shall serve the defendant in her individual capacities using any of the following methods: personal, residence, certified mail, or designated delivery service.** *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (Reissue 2016).

3.      The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

---

[10] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service.  *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013).  Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases.**" *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

4.    The clerk of the court is directed to file under seal any document containing the last-known personal addresses for the defendants.

5.    The clerk of the court is directed to set the following pro se case management deadline: "July 5, 2017: check for completion of service of process."

6.    Plaintiff's motion for leave to amend (Filing No. 13) is denied without prejudice.

7.    Plaintiff's motion to expedite (Filing No. 14) is denied without prejudice.

DATED this 5th day of April, 2017.

                                      BY THE COURT:

                                      s/ *Richard G. Kopf*
                                      Senior United States District Judge