IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEROISE J. WASHINGTON, | ) | 8:17CV6 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| ESCH, Medical Doctor, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

In a Memorandum and Order entered on April 5, 2017, upon initial review of Plaintiff's Amended Complaint, the court determined that Plaintiff, a prisoner at Douglas County Corrections ("DCC"), "has stated a plausible [Eighth or Fourteenth] claim for relief against [Defendant] Esch in her individual capacity based on her alleged refusal to provide treatment for known medical conditions" (Filing No. 16 at CM/ECF p. 8). The court also ruled, however, that no facts are alleged to support Plaintiff's claim that Esch acted as a policymaker for DCC.

On April 14, 2017, Plaintiff filed a motion for reconsideration of this ruling in which he points to "Captain Mary Earley's reply to [Plaintiff's] 'Step Two' grievance on or about 15 December 2016 where Captain Earley clearly avers to say, 'The medical provider is the sole decision maker regarding treatment and care plans for individuals housed here'" (Filing No. 18 at CM/ECF p. 2).[1] Plaintiff's motion for reconsideration will be denied.

"Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 481 (1986) (plurality opinion). Here, Plaintiff alleges

---

[1] Capt. Earley's reply to Plaintiff's "step two" grievance is attached to the original Complaint (Filing No. 1 at CM/ECF p. 26).

in the Amended Complaint that "Allen Bagby, Health Administrator, has policy-making authority and is Esch's supervisor" (Filing No. 15 at CM/ECF p. 4). The allegation that Bagby supervises Esch negates any claim that Esch has final authority to establish policy for DCC with regard to medical treatment provided to inmates. Even assuming has Esch has discretionary authority regarding individual treatment plans, this does not make the County liable for her actions. "The fact that a particular official—even a policymaking official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion." *Id.* at 481-82. *See, e.g., Brown v. Wichita Cty.*, No. 7:05-CV-108-O, 2011 WL 1562567, at *8 (N.D. Tex. Apr. 26, 2011), (doctor under contract with county to supervise professional work of jail's medical staff was not delegated policymaking authority), *aff'd sub nom. Brown v. Bolin*, 500 F. App'x 309 (5th Cir. 2012); *Awalt v. Marketti*, 74 F. Supp. 3d 909, 933-35 (N.D. Ill.), *supplemented*, 75 F. Supp. 3d 777 (N.D. Ill. 2014) (nurse's discretionary authority to make day-to-day decisions regarding the detainees' medical care did not make her a policymaker for sheriff's office).

IT IS THEREFORE ORDERED that Plaintiff's motion for reconsideration (Filing No. 18) is denied.

DATED this 24th day of May, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge